1  Erik L. Jackson (SBN 166010)
2  Kyle Vos Strache (SBN 261807)
   COZEN O'CONNOR
3  601 South Figueroa Street
   Suite 3700
4  Los Angeles, California  90017
   Telephone: 213.892.7900
5  Toll Free Phone: 800.563.1027
   Facsimile: 213.892.7999

6  Attorneys for Plaintiff
   ChromaDex Inc.

7

8                  UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 CHROMADEX, INC., a California        Case No.: SACV11-01273 CJC (MLGx)
   Corporation,
12                                       **COMPLAINT FOR**
              Plaintiff,
13                                       **(1)  Trademark Infringement;**
        vs.
14                                       **(2)  Federal Unfair
   BIOTIVIA BIOCEUTICALS, LLC, a              Competition/False
15 Delaware Limited Liability Company,         Advertising;**

16            Defendant.                  **(3)  Copyright Infringement;**

17                                        **(4)  Unfair Competition per
                                               Cal.Bus. & Prof. Code §
18                                             17200;**

                                         **(5)  Common Law Unfair
19                                             Competition; and**

20                                        **(6)  Unjust Enrichment**

21                                        **JURY TRIAL DEMANDED**

22

23      Plaintiff ChromaDex, Inc. ("Chromadex") brings this action against Defendant

24 Biotivia Bioceuticals, LLC ("Biotivia") and alleges as follows:

25              **JURISDICTION AND VENUE**

26      1.    This action arises under the Acts of Congress under the Trademark and

27 Lanham Acts, Title 15 U.S.C. § 1051, et seq., Copyright Act, 17 U.S.C. § 101 et seq.,

28 and common law.  As such, this Court has subject matter jurisdiction under the

                              1

provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.  A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  As such, this court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.  A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  As such, Biotivia should reasonably expect that its activities might have consequences herein.

2.     This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

3.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law in the State of California pursuant to 28 U.S.C. §1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.     This Court has personal jurisdiction over Biotivia because it resides in the Central District of California, has a place of business within this judicial district and conducts substantial business within this judicial district related to the unlawful activity at issue in this Complaint.

5.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because Biotivia resides in this judicial district, conducts business in this business district, and because a substantial part of the events or omissions giving rise to Chromadex's claims occurred and are continuing to occur in this judicial district.

**THE PARTIES**

6.     Plaintiff ChromaDex Inc. ("Plaintiff" or "ChromaDex") is a California corporation with its principal place of business at 10005 Muirlands, Suite G, Irvine, California 92618.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

7.     Upon information and belief, Defendant Biotivia Bioceuticals, LLC ("Defendant" or "Biotivia") is a Delaware Limited Liability Company, with a principal place of business at 1 River Place, Ste. 1001, New York, NY 10036 and offices in Los Angeles, California.

## BACKGROUND AS TO CHROMADEX'S BUSINESS AND ITS INTELLECTUAL PROPERTY

8.     ChromaDex was established in 1999 and is an innovative natural products company that provides proprietary, science-based solutions and ingredients to the dietary supplement, food and beverage, cosmetic and pharmaceutical industries.

9.     On April 26, 2010, ChromaDex launched pTeroPure® Pterostilbene (hereafter PTEROPURE®), a proprietary, ultrapure formulation of the naturally occurring compound pterostilbene, found in blueberries.  PTEROPURE® is a synthetic pterostilbene, which is a dietary supplement to support anti-aging, heart health, oxidative stress, and memory.

10.     On June 13, 2011, ChromaDex launched BluScience, a line of dietary supplements which feature PTEROPURE®.  The BluScience line of pterostilbene-based products is distributed through GNC at more than 7,300 locations throughout the United States and via the internet.

11.     ChromaDex is the owner of certain intellectual property rights, including numerous federally registered trademarks and copyrights, as well as common law trademark and copyright rights.

12.     ChromaDex is the owner of trademark rights in and to the PTEROPURE®, CHROMADEX®, THE NEXT GENERATION RESVERATROL, BLUSCIENCE and BLUSCIENCE THE FUSION OF BLUEBERRIES AND SCIENCE marks including the following registrations and applications with the United States Patent and Trademark Office:- U.S. Reg. No. 3932510 for pTeroPure for "Phytochemicals for use in the manufacturing of dietary supplements and nutritional products" in International Class 1 attached as Exhibit A;

3

- U.S. Reg. No 3999086 for CHROMADEX for "Chemical reagents for non-medical purposes; Chemical test kits for analytical measurement of raw material identify, potency and formulation consistency for laboratory or research use; Chemicals for use in industry and science; Chemicals for use in the biochemical and chemical industry; Assays for research purposes" in International Class 1, and for "Chemical, biochemical, biological and bacteriological research and analysis; Consulting in the field of product development in the field of chemicals; Development and establishment of testing specifications and procedures in the field of chemicals; Development and test of chemical production methods; Development of voluntary standards for chemicals; Executing of chemical analyses; Industrial research in the field of chemicals; Pharmaceutical research and development; Product research and development; Research and development and consultation related thereto in the field of chemicals; Testing of raw materials" in International Class 42 attached as Exhibit B;

- U.S. App. Serial No. 85193003 for THE NEXT GENERATION RESVERATROL for "Phytochemicals for use in the manufacturing of dietary supplements, nutritional supplements, nutritional beverages, pharmaceuticals and cosmetics," in International Class 1;

- U.S. App. Serial No. 85306142 for BLUSCIENCE for "Dietary and nutritional supplements," in International Class 5; and

- U.S. App. Serial No. 85306158 for BLUSCIENCE THE FUSION OF BLUEBERRIES AND SCIENCE (stylized) for "Dietary and nutritional supplements," in International Class 5.

13.   Since at least March 11, 2010, ChromaDex has used the PTEROPURE® trademark in commerce.

14.   ChromaDex has expended significant time, energy, and resources in the protection and promotion of its PTEROPURE® mark.

4

15.     Since at least October 1999, ChromaDex has used the CHROMADEX® trademark in commerce with regard to International class 001, and at least June 2000, in International class 042.

16.     ChromaDex has expended significant time, energy, and resources in the protection and promotion of its CHROMADEX® mark.

17.     ChromaDex filed for trademark registration under section 1B on December 8, 2010 for the mark THE NEXT GENERATION RESVERATROL.  The mark is currently in use on ChromaDex's website and is to be published for opposition on August 23, 2011.

18.     ChromaDex filed for trademark registration under section 1B for the mark BLUSCIENCE on April 27, 2011.

19.     ChromaDex filed for trademark registration under section 1B for the mark BLUSCIENCE THE FUSION OF BLUEBERRIES AND SCIENCE on April 27, 2011.

20.     ChromaDex uses the BLUSCIENCE  and BLUSCIENCE THE FUSION OF BLUEBERRIES AND SCIENCE marks on its website, chromadex.com, in connection with the advertising and sale of its BluScience line of products, all of which utilize the PTEROPURE®.

21.     ChromaDex is the owner of certain copyrighted works including as relevant here:

- U.S. Copyright Reg. No. TXu001746330 for a work entitled "pTeroPure Brochure;" attached as Exhibit C; and

- U.S. Copyright Reg. No. TXu001745172 for a work entitled "pTteroPure Pterostilbene: The Next Generation Resveratrol (Complete Presentation)," attached as Exhibit D.

## BIOTIVIA'S UNLAWFUL CONDUCT

22.     Biotivia owns and operates at least two websites which target the United States market, Biotivialabs.com and Biotivia.com ("Biotivia Websites").

5

23.   Biotivia sells various nutraceutical supplements on the Biotivia Websites and through other third-party stores such as drugstores and other vendors of dietary supplements.  Biotivia's products are available for purchase both from internet websites and at local third-party stores.

24.   The Biotivia Websites are active websites through which Biotivia solicits business throughout the United States, and sells products to consumers throughout the United States, including consumers in the Central District of California.

25.   In or about December 2010, via the Biotivia Websites, Biotivia began advertising and selling a product called PteroMax that contains pterostilbene.

26.   Biotivia's PteroMax product directly competes with ChromaDex's BluScience line of products.

27.   No association or relationship exists between ChromaDex and Biotivia.

28.   The PteroMax product sold by Biotivia is not manufactured or affiliated in any way with ChromaDex, PTEROPURE® or ChromaDex's BluScience line of products.

**Biotivia's False Advertising and Unfair Competition on its Websites**

29.   The Biotivia Websites contain numerous false and misleading statements regarding its PteroMax product which are intended to deceive the purchasing public and/or cause confusion with the purchasing public.  Examples of the myriad false and misleading statements reflected on Biotivia's Websites include:

a)   Biotivia falsely states that there is a partnership between ChromaDex and Biotivia;

b)   Biotivia falsely claims that its PteroMax product was developed prior to the PTEROPURE® product;

c)   Biotivia falsely claims that Biotivia introduced the world to pterostilbene when there were at least 15 pterostilbene-based products on the market before the PteroMax product;

6

d)   Biotivia falsely claims that the PTEROPURE® product was created "based on the Biotivia Labs' formulation for PteroMax";

e)   Biotivia falsely claims that the PTEROPURE® formulation is a "weakened version" of the competing PteroMax product;

f)   Biotivia falsely claims that the price of PteroMax is substantially less than PTEROPURE®;

g)   Biotivia falsely states that its PteroMax product has hundreds of times the amount of pterostilbene contained in other pterostilbene-based products, including PTEROPURE®;

h)   Biotivia falsely states that PteroMax is 100% pure pterostilbene;

i)   Biotivia falsely claims that PteroMax contains over 100 times the potency of competing supplements;

j)   Biotivia falsely states that PteroMax is cheaper than other similar products;

k)   Biotivia falsely states that only PteroMax contains Polydatin;

l)   Biotivia falsely states that more of the world's leading medical research institutions chose Biotivia for human clinical trials than all other suppliers combined;

m)   Biotivia falsely claims that PteroMax is the result of over four year of Biotivia research, testing and analysis;

n)   Biotivia falsely claims that PteroMax has the highest antioxidant rating of any supplement ever tested, and more that double that of any competing pterostilbene product ever tested;

o)   Biotivia falsely claims that PteroMax is the only pterostilbene supplement designed by health scientists to match the specific proportions and concentrations found to be most effective in published scientific studies;

p)   Biotivia falsely claims that PteroMax contains the highest amount of pterostilbene in its product;

7

q)   Biotivia falsely claims that dosages of less than 100 mg per capsule have not been shown effective in humans;

r)   Biotivia falsely claims that no company or institution has more experience and expertise in the development and manufacturing of resveratrol than Biotivia; and

s)   Biotivia falsely states that its product, PteroActiv, is a "pure" pterostilbene and has something to do with SIRT1 activation.

30.   Biotivia also used PteroMax in connection with words and phrases similar to ChromaDex's THE NEXT GENERATION RESVERATROL mark on the Biotivia Websites.

31.   Biotivia uses its PteroMax name in connection with the phrase "Pterostilbene has been described as the taking Resveratrol to the next level" on its Biotivialabs.com website.  Biotivia also uses the phrase "PteroMax, in many important ways, takes resveratrol to a new level," on its Biotivia.com website.

32.   The combined use of the PteroMax name and the phrases incorporating "taking resveratrol to the next level," and "takes resveratrol to a new level" are likely to confuse consumers based on the similarity of the name and phrases to the PTEROPURE® and THE NEXT GENERATION RESVERATROL marks.

33.   Biotivia is unfairly competing with ChromaDex through the unauthorized and unlawful use of ChromaDex's marks.

34.   Biotivia's conduct is willful in nature.

**Biotivia's Conduct In Unlawfully Directing**

**Internet Users to Its Websites by Using ChromaDex's Trademarks**

35.   Biotivia, without authorization, used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks as ad keywords on various search engines so as to unlawfully deceive consumers into believing that there was an affiliation between ChromaDex and Biotivia.

8

36.     Biotivia purchased keywords utilizing ChromaDex's marks to drive web traffic to its competing website to sell its products on at least Google.com, Ask.com, and Answer.com.

37.     Biotivia purchased several of ChromaDex's trademarks, including, *inter alia*, ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks, as keywords on internet search engines Google.com and Ask.com, among other internet search engines.

38.     By purchasing ChromaDex's identical trademarked terms as keywords, Biotivia is seeking to drive consumer traffic to its own websites through the unauthorized and infringing use of ChromaDex's marks.  As a result, consumers are likely to be confused as to whether its PteroMax is affiliated with ChromaDex and its products, including PTEROPURE®.

39.     Biotivia's purchase of ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks as key ad words for the sale of products in the same fields is likely to cause confusion to consumers and constitutes trademark infringement.

40.     In addition to the purchase of ChromaDex's marks as key ad words, Biotivia used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks in its metadata with the intent to use the ChromaDex marks to drive ChromaDex customers to Biotivia's websites through general internet searches.

41.     Biotivia's use of ChromaDex's marks in Biotivia's metadata is likely to confuse consumers as to the source and affiliation of ChromaDex's products.

42.     Biotivia unlawfully used the CHROMADEX®, PTEROPURE® and BLUSCIENCE marks in commerce in connection with the sale or advertising for the sale of Biotivia's competing products.  Such use in commerce in connection with the sale or advertising for Biotivia's products was and is unauthorized.

43.     Biotivia is unfairly competing with ChromaDex through the unauthorized and unlawful use of ChromaDex's marks.

44.     Biotivia's conduct is willful in nature.

9

**Biotivia's Copyright Infringement of ChromaDex's Promotional Materials**

45.    In September 2010, ChromaDex emailed PTEROPURE® and pterostilbene materials, including a brochure, to Biotivia.  An updated and revised version of the PTEROPURE® brochure is accessible on the ChromaDex pTeroPure.com website.

46.    The brochure sent to Biotivia in September 2010 and the updated version on the ChromaDex website are protected by copyright.

47.    As the owner of the United States Copyright Registration Nos. TXu001746339 and TXu001746330, ChromaDex has the exclusive right to reproduce, distribute, display, and prepare derivative works based on the copyrighted work.  17 U.S.C. §§ 106 and 113.

48.    The Biotivia Websites contain statements regarding PteroMax, including how it was developed, how it is made, benefits of taking the supplement, and comparing the product to other similar products.

49.    Many of the statements found on Biotivia's website were copied in whole or in part from ChromaDex's copyrighted works.  For example, the ChromaDex copyrighted brochures contain the following statements:

> pTeroPure is a nature identical form of trans-pterostilbene.
> Pterostilbene is the next generation of resveratrol:
>
> - **a methylated resveratrol analog naturally found in berries**
> - **superior biological activity**
> - **better oral bioavailability**
> - **metabolizes more slowly in the body, allowing more time for its antioxidant activities to act.**

The Biotivia website contains the following statements, among others, which reflect copying of the statements in the copyrighted ChromaDex materials:

> Found in plants like blueberries, pterostilbenes have been a feature of Ayurvedic medicine for hundreds of years. The highlights of pterostilbenes are:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

- **a methylated resveratrol analog naturally found in berries**
- **superior biological activity**
- **better oral bioavailability**
- **metabolizes more slowly in the body**.

50.    Biotivia has used ChromaDex's copyrighted materials, including the examples above, without ChromaDex's authorization or consent. Biotivia used the materials to promote its competing pterostilbene and resveratrol products.

51.    The continued use of ChromaDex's copyrighted materials on Biotivia's website has caused and is causing ChromaDex to suffer serious and substantial damages resulting from the Biotivia's acts of copyright infringement, and the damages are causing irreparable injury to ChromaDex for which there is no adequate remedy at law.

### ChromaDex's Attempts to Have Biotivia Cease Its Infringing Activity

52.    In or about April 28, 2011, ChromaDex sent a letter to Biotivia demanding that it cease its use of ChromaDex's intellectual property. To date, Biotivia has failed to comply with ChromaDex's demands.

53.    Biotivia has not received authorization, a license, or any other authority to utilize any of ChromaDex's trademarks or other intellectual property for any purpose, nor has ChromaDex acquiesced to Biotivia's use of any of its intellectual property.

54.    Biotivia's infringing activities are likely to cause confusion or mistake among prospective consumers and are likely to mislead and/or deceive prospective consumers with respect to the origin and quality of ChromaDex's products.

### FIRST CLAIM FOR RELIEF

### Trademark Infringement under the Lanham Act -15 U.S.C. §1114

55.    ChromaDex realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 54, above.

56.    Biotivia owns and operates at two websites which target the United States market, Biotivialabs.com and Biotivia.com.

11

57.    Biotivia sells various nutraceutical supplements on the Biotivia's Websites and through other third-party stores such as drugstores and other vendors of dietary supplements.  Biotivia's products are available for purchase both from internet websites and at local third-party stores.

58.    The Biotivia Websites are active websites that solicit business throughout the United States, and sell products to consumers throughout the United States, including consumers in the Central District of California.

59.    On or about December 2010, via the Biotivia Websites, Biotivia began advertising and selling a product called PteroMax that contains pterostilbene.

60.    Biotivia's PteroMax product directly competes with ChromaDex's BluScience line of products.

61.    No association or relationship exists between ChromaDex and Biotivia.

62.    The PteroMax product sold by Biotivia is not manufactured or affiliated in any way with ChromaDex, PTEROPURE® or ChromaDex's BluScience line of products.

63.    Biotivia, without authorization, used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks as ad keywords on various search engines so as to unlawfully deceive consumers into believing that there was and is an affiliation between ChromaDex and Biotivia.

64.    Biotivia purchased keywords utilizing ChromaDex's marks to drive web traffic to its competing website to sell its products on at least Google.com, Ask.com, and Answer.com.

65.    Biotivia purchased several of ChromaDex's trademarks, including, *inter alia*, ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks, as keywords on internet search engines Google.com and Ask.com, among other internet search engines.

66.    By purchasing ChromaDex's identical trademarked terms as keywords, Biotivia is seeking to drive consumer traffic to its own website through the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    unauthorized and infringing use of ChromaDex's marks.  As a result, consumers are
2    likely to be confused as to whether PteroMax is affiliated with ChromaDex and with
3    its ChromaDex's PTEROPURE®.

4           67.    Biotivia's purchase of ChromaDex's CHROMADEX®, PTEROPURE®
5    and BLUSCIENCE marks as key ad words for the sale of products in the same fields
6    is likely to cause confusion to consumers and constitutes trademark infringement.

7           68.    In addition to the purchase of ChromaDex's marks as key ad words,
8    Biotivia used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE
9    marks in its metadata with the intent to use the ChromaDex marks to drive
10   ChromaDex customers to Biotivia's website through general internet searches.

11          69.    Biotivia's use of ChromaDex's marks in Biotivia's metadata is likely to
12   confuse consumers as to the source and affiliation of ChromaDex's products.

13          70.    Biotivia unlawfully used the CHROMADEX®, PTEROPURE® and
14   BLUSCIENCE marks in commerce in connection with the sale or advertising for the
15   sale of Biotivia's competing products.  Such use in commerce in connection with the
16   sale or advertising for Biotivia's products was and is unauthorized.

17          71.    The federal registrations of ChromaDex's CHROMADEX® and
18   PTEROPURE® mark evidences ChromaDex's exclusive right to use its
19   CHROMADEX® and PTEROPURE® marks in connection with Phytochemicals for
20   use in the manufacturing of dietary supplements and nutritional products.  15 U.S.C. §
21   1115.

22          72.    Biotivia purchased ad words through Google and other internet search
23   engines for ChromaDex's CHROMADEX® and PTEROPURE® marks.

24          73.    Biotivia used ChromaDex's CHROMADEX® and PTEROPURE®
25   marks in its metadata with the intent to use the ChromaDex marks to drive
26   ChromaDex customers to Biotivia's website through general internet searches.

27

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

74.     Biotivia's wrongful and unauthorized use of the CHROMADEX® and PTEROPURE® marks as delineated above constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

75.     Biotivia's unauthorized use of the CHROMADEX® and PTEROPURE® marks in connection with the sale of the competing PteroMax product is likely to cause confusion, or mistake, or to deceive as to the source, affiliation, or sponsorship with ChromaDex, in violation of 15 U.S.C. § 1051 et seq.

76.     Biotivia's use and adoption of ChromaDex's exact marks, which are utilized in the same field as ChromaDex's marks, constitutes infringement of ChromaDex's registered CHROMADEX® and PTEROPURE® marks, in violation of 15 U.S.C. §§ 1051 et seq., to the substantial and irreparable injury of the public and of ChromaDex's marks, business, reputation, and goodwill.

77.     Biotivia's conduct has caused and will continue to cause damage to ChromaDex in an amount to be proved at trial, and if not enjoined, will cause irreparable harm to ChromaDex for which there is no adequate remedy at law.

78.     ChromaDex is further entitled to recover damages and to recover its other costs herein.  Biotivia will be irreparably harmed if the unlawful, fraudulent and unfair conduct is not stopped and damages are an insufficient remedy.  Accordingly, ChromaDex is also entitled to injunctive relief against Biotivia.

79.     ChromaDex is further entitled to recover statutory damages, treble damages and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Unfair Competition/False Advertising Under the Lanham Act

### 15 U.S.C. §1125(a)

80.     ChromaDex realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 79, above.

14

81.   Biotivia owns and operates at least two websites which target the United States market, Biotivialabs.com and Biotivia.com.

82.   Biotivia sells various nutraceutical supplements on the Biotivia Websites and through other third-party stores such as drugstores and other vendors of dietary supplements.  Biotivia's products are available for purchase both from internet websites and at local third-party stores.

83.   The Biotivia Websites are active websites that are used by Biotivia to solicit business throughout the United States and sell products to consumers throughout the United States, including consumers in the Central District of California.

84.   In or about December 2010, via the Biotivia Websites, Biotivia began advertising and selling a product called PteroMax that contains pterostilbene.

85.   Biotivia's PteroMax product directly competes with ChromaDex's BluScience line of products.

86.   No association or relationship exists between ChromaDex and Biotivia.

87.   The PteroMax product sold by Biotivia is not manufactured or affiliated in any way with ChromaDex, PTEROPURE® or ChromaDex's BluScience line of products.

88.   The Biotivia Websites contain numerous false and misleading statements regarding its PteroMax product and ChromaDex and its products which are intended to deceive the purchasing public and/or cause confusion with the purchasing public.  Examples of the myriad false and misleading statements reflected on Biotivia's Websites include:

a)   Biotivia falsely states that there is a partnership between ChromaDex and Biotivia;

b)   Biotivia falsely claims that PteroMax product was developed prior to the PTEROPURE® product;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1          c)       Biotivia falsely claims that Biotivia introduced the world to

2 pterostilbene when there were at least 15 pterostilbene-based products on the market

3 before the PteroMax product;

4          d)       Biotivia falsely claims that the PTEROPURE® product was

5 created "based on the Biotivia Labs' formulation for PteroMax";

6          e)       Biotivia falsely claims that the PTEROPURE® formulation is a

7 "weakened version" of the competing PteroMax;

8          f)       Biotivia falsely claims that the price of PteroMax is substantially

9 less than PTEROPURE®;

10          g)       Biotivia falsely states that its PteroMax product has hundreds of

11 times the amount of pterostilbene than what is contained in other pterostilbene

12 supplements, including PTEROPURE®;

13          h)       Biotivia falsely states that PteroMax is 100% pure pterostilbene;

14          i)       Biotivia falsely claims that PteroMax contains over 100 times the

15 potency of competing supplements;

16          j)       Biotivia falsely states that PteroMax is cheaper than other similar

17 products;

18          k)       Biotivia falsely states that only PteroMax contains Polydatin;

19          l)       Biotivia falsely states that more of the world's leading medical

20 research institutions chose Biotivia for human clinical trials than all other suppliers

21 combined;

22          m)       Biotivia falsely claims that PteroMax is the result of over four year

23 of Biotivia researching, testing and analysis;

24          n)       Biotivia falsely claims that PteroMax has the highest antioxidant

25 rating of any supplement ever tested, and more that double that of any competing

26 pterostilbene product ever tested;

27

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

o)   Biotivia falsely claims that PteroMax is the only pterostilbene supplement designed by health scientists to match the specific proportions and concentrations found to be most effective in published scientific studies;

p)   Biotivia falsely claims that PteroMax contains the highest amount of pterostilbene in its product;

q)   Biotivia falsely claims that dosages of less than 100 mg per capsule have not been shown effective in humans;

r)   Biotivia falsely claims that no company or institution has more experience and expertise in the development and manufacturing of resveratrol than Biotivia; and

s)   Biotivia falsely states that its product, PteroActiv, is a "pure" pterostilbene and has something to do with SIRT1 activation.

89.   Biotivia also used PteroMax in connection with words and phrases similar to ChromaDex's THE NEXT GENERATION RESVERATROL mark on Biotivia's Websites.

90.   Biotivia uses its PteroMax name, in connection with the phrase, "Pterostilbene has been described as the taking Resveratrol to the next level," on its Biotivialabs.com website.  Biotivia also uses the phrase "PteroMax, in many important ways, takes resveratrol to a new level," on its Biotivia.com website.

91.   The combined use of the PteroMax name and the phrases incorporating "taking resveratrol to the next level," and "takes resveratrol to a new level" are likely to confuse consumers based on the similarity to the PTEROPURE® and THE NEXT GENERATION RESVERATROL marks.

92.   Biotivia is unfairly competing with ChromaDex through the unauthorized and unlawful use of ChromaDex's marks and through the use of false and misleading statements and copyright infringement alleged herein.

93.   Biotivia's conduct is willful in nature.

17

94.   Biotivia, without authorization, used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks as ad keywords on various search engines so as to unlawfully deceive consumers into believing that there was an affiliation between ChromaDex and Biotivia.

95.   Biotivia purchased keywords utilizing ChromaDex's marks to drive web traffic to its competing website to sell its products on at least Google.com, Ask.com, and Answer.com.

96.   Biotivia purchased several of ChromaDex's trademarks, including, *inter alia*, ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks, as keywords on internet search engines Google.com and Ask.com, among other internet search engines.

97.   By purchasing ChromaDex's identical trademarked terms as keywords, Biotivia is seeking to drive consumer traffic to its own websites through the unauthorized and infringing use of ChromaDex's marks.  As a result, consumers are likely to be confused as to whether PteroMax is affiliated with ChromaDex's PTEROPURE® and with ChromaDex in general.

98.   Biotivia's purchase of ChromaDex's, CHROMADEX®, PTEROPURE® and BLUSCIENCE marks as key ad words for the sale of products in the same fields as well as the false and misleading statements on the Biotivia Websites are likely to cause confusion to consumers and constitutes trademark infringement.

99.   In addition to the purchase of ChromaDex's marks as key ad words, Biotivia used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks in its metadata with the intent to use the ChromaDex marks to drive ChromaDex customers to Biotivia's website through general internet searches.

100.  Biotivia's use of ChromaDex's marks in Biotivia's metadata and the false and misleading statements on the Biotivia Websites are likely to confuse consumers as to the source and affiliation of ChromaDex's products.

18

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

101.  Biotivia unlawfully used the CHROMADEX®, PTEROPURE® and BLUSCIENCE marks in commerce in connection with the sale or advertising for the sale of Biotivia's competing products.  Such use in commerce in connection with the sale or advertising for Biotivia's products was unauthorized.

102.  Biotivia is unfairly competing with ChromaDex through the unauthorized and unlawful use of ChromaDex's marks and through the false and misleading statements set forth on the Biotivia Websites.

103.  Biotivia's conduct is willful in nature.

104.  Biotivia's conduct is likely to cause confusion, or to cause mistake, or to deceive customers as to the nature of the goods, causing great harm to ChromaDex.

105.  Biotivia is unfairly benefiting from the false or intentionally misleading statements on its website and marketing materials to the detriment of ChromaDex.

106.  ChromaDex has been damaged by these acts in an amount to be proven at trial.

107.  ChromaDex will be irreparably harmed if the improper conduct is not stopped and damages are an insufficient remedy.  ChromaDex is also entitled to injunctive and equitable relief against Biotivia.

**THIRD CLAIM FOR RELIEF**

**Copyright Infringement -**

108.  ChromaDex realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 107, above.

109.  Biotivia without authorization copied portions, in whole or in part, of ChromaDex's copyright protected materials.

110.  ChromaDex has registered the works in Exhibits C and D with the United States Copyright Office as reflected in the attached registrations.

111.  ChromaDex has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above

19

1   reference works.  ChromaDex is the rightful and sole owner of all rights, title, and

2   interest in and to the copyrights and their respective works.

3       112.  Biotivia's conduct violates ChromaDex's exclusive rights as owners of

4   the copyrights under 17 U.S.C. § 106.

5       113.  Biotivia's unauthorized use of ChromaDex's copyright-protected works

6   on Biotivia's websites constitutes copyright infringement under 17 U.S.C. § 101 et.

7   seq.

8       114.  As a direct and proximate result of Biotivia's wrongful conduct, Biotivia

9   has realized and continue to realize profits and other benefits rightly belonging to

10  ChromaDex.

11      115.  ChromaDex seeks an award of damages pursuant to 17 U.S.C. §§ 504 and

12  505, including actual damages, or, in the alternative, statutory damages.

13      116.  ChromaDex will be irreparably harmed if the infringing conduct is not

14  stopped and damages are an insufficient remedy and as such is entitled to injunctive

15  relief.

16      117.  Upon information and belief, Biotivia has engaged in willful infringement

17  of the rights owned exclusively by ChromaDex, and ChromaDex is therefore, entitled

18  to the maximum statutory damages available.

19                  **FOURTH CLAIM FOR RELIEF**

20      **Unfair Competition- CAL. BUS. & PROF. CODE §17200 et. seq.**

21      118.  ChromaDex realleges and incorporates by this reference each and every

22  allegation set forth in paragraphs 1 through 117, above.

23      119.  Biotivia owns and operates at two websites which target the United States

24  market, Biotivialabs.com and Biotivia.com.

25      120.  Biotivia sells various nutraceutical supplements on the Biotivia's

26  Websites and through other third-party stores such as drugstores and other vendors of

27  dietary supplements.  Biotivia's products are available for purchase both from internet

28  websites and at local third-party stores.

20

121. The Biotivia Websites are active websites that solicit business throughout the United States, and sell products to consumers throughout the United States, including consumers in the Central District of California.

122. In or about December 2010, via the Biotivia Websites, Biotivia began advertising and selling a product called PteroMax that contains pterostilbene.

123. Biotivia's PteroMax product directly competes with ChromaDex's BluScience line of products.

124. No association or relationship exists between ChromaDex and Biotivia.

125. The PteroMax product sold by Biotivia is not manufactured by ChromaDex or affiliated in any way with ChromaDex, PTEROPURE® or ChromaDex's BluScience line of products.

126. The Biotivia Websites contain numerous false and misleading statements regarding its PteroMax product which are intended to deceive the purchasing public and/or cause confusion with the purchasing public.  Examples of the myriad false and misleading statements reflected on Biotivia's Websites include:

a)  Biotivia falsely states that there is a partnership between ChromaDex and Biotivia;

b)  Biotivia falsely claims that PteroMax product was developed prior to the PTEROPURE® product;

c)  Biotivia falsely claims that Biotivia introduced the world to pterostilbene when there were at least 15 pterostilbene-based products on the market before the PteroMax product;

d)  Biotivia falsely claims that the PTEROPURE® product was created "based on the Biotivia Labs' formulation for PteroMax";

e)  Biotivia falsely claims that the PTEROPURE® formulation is a "weakened version" of the competing PteroMax;

f)  Biotivia falsely claims that the price of PteroMax is substantially less than PTEROPURE®;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

g) Biotivia falsely states that its PteroMax product has hundreds of times the amount of pterostilbene than what is contained in other pterostilbene supplements, including PTEROPURE®;

h) Biotivia falsely states that PteroMax is 100% pure pterostilbene;

i) Biotivia falsely claims that PteroMax contains over 100 times the potency of competing supplements;

j) Biotivia falsely states that PteroMax is cheaper than other similar products;

k) Biotivia falsely states that only PteroMax contains Polydatin;

l) Biotivia falsely states that more of the world's leading medical research institutions chose Biotivia for human clinical trials than all other suppliers combined;

m) Biotivia falsely claims that PteroMax is the result of over four year of Biotivia researching, testing and analysis;

n) Biotivia falsely claims that PteroMax has the highest antioxidant rating of any supplement ever tested, and more that double that of any competing pterostilbene product ever tested;

o) Biotivia falsely claims that PteroMax is the only pterostilbene supplement designed by health scientists to match the specific proportions and concentrations found to be most effective in published scientific studies;

p) Biotivia falsely claims that PteroMax contains the highest amount of pterostilbene in its product;

q) Biotivia falsely claims that dosages of less than 100 mg per capsule have not been shown effective in humans;

r) Biotivia falsely claims that no company or institution has more experience and expertise in the development and manufacturing of resveratrol than Biotivia; and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

s)     Biotivia falsely states that its product, PteroActiv, is a "pure" pterostilbene and has something to do with SIRT1 activation.

127.  Biotivia also used PteroMax in connection with words and phrases similar to ChromaDex's THE NEXT GENERATION RESVERATROL mark on Biotivia's Websites.

128.  Biotivia uses its PteroMax name in connection with the phrase, "Pterostilbene has been described as the taking Resveratrol to the next level," on its Biotivialabs.com website.  Biotivia also uses the phrase "PteroMax, in many important ways, takes resveratrol to a new level," on its Biotivia.com website.

129.  The combined use of the PteroMax name and the phrases incorporating "taking resveratrol to the next level," and "takes resveratrol to a new level" are likely to confuse consumers based on the similarity to the PTEROPURE® and THE NEXT GENERATION RESVERATROL marks.

130.  Biotivia is unfairly competing with ChromaDex through the unauthorized and unlawful use of ChromaDex's marks.

131.  Biotivia's conduct is willful in nature.

132.  Biotivia, without authorization, used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks as ad keywords on various search engines so as to unlawfully deceive consumers into believing that there was an affiliation between ChromaDex and Biotivia.

133.  Biotivia purchased keywords utilizing ChromaDex's marks to drive web traffic to its competing website to sell its products on at least Google.com, Ask.com, and Answer.com.

134.  Biotivia purchased several of ChromaDex's trademarks, including, inter alia, ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks, as keywords on internet search engines Google.com and Ask.com, among other internet search engines.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

135. By purchasing ChromaDex's identical trademarked terms as keywords, Biotivia is seeking to drive consumer traffic to its own website through the unauthorized and infringing use of ChromaDex's marks. As a result, consumers are likely to be confused as to whether PteroMax is affiliated with ChromaDex's PTEROPURE®.

136. Biotivia's purchase of ChromaDex' CHROMADEX®, PTEROPURE® and BLUSCIENCE marks as key ad words for the sale of products in the same fields is likely to cause confusion to consumers and constitutes trademark infringement.

137. In addition to the purchase of ChromaDex's marks as key ad words, Biotivia used ChromaDex's CHROMADEX®, PTEROPURE® and BLUSCIENCE marks in its metadata with the intent to use the ChromaDex marks to drive ChromaDex customers to Biotivia's website through general internet searches.

138. Biotivia's use of ChromaDex's marks in Biotivia's metadata is likely to confuse consumers as to the source and affiliation of ChromaDex's products.

139. Biotivia unlawfully used the CHROMADEX®, PTEROPURE® and BLUSCIENCE marks in commerce in connection with the sale or advertising for the sale of Biotivia's competing products. Such use in commerce in connection with the sale or advertising for Biotivia's products was unauthorized.

140. Biotivia is unfairly competing with ChromaDex through the unauthorized and unlawful use of ChromaDex's marks.

141. Biotivia's conduct is willful in nature.

142. The acts and conduct of Biotivia as alleged above constitute unfair competition as defined by California Business and Professions Code §17200 et. seq. as the conduct is unlawful, unfair and fraudulent.

143. The acts and conduct of Biotivia are likely to cause confusion and mistake among customers and the public as to the origin or association of Biotivia's infringing products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    144.  Biotivia's unlawful, unfair, and deceptive trade practices, and other

2  conduct described above, constitutes unfair competition in violation of California

3  Business and Professions Code §17200 et. seq.

4    145.  ChromaDex will be irreparably harmed if the unlawful, fraudulent and

5  unfair conduct is not stopped and damages are an insufficient remedy.  As a result,

6  ChromaDex is entitled to injunctive and equitable relief against Biotivia.

7                        **FIFTH CLAIM FOR RELIEF**

8                     **Common Law Unfair Competition**

9    146.  ChromaDex realleges and incorporates by this reference each and every

10  allegation set forth in paragraphs 1 through 145 above.

11    147.  The acts and conduct of Biotivia as alleged above in this Complaint

12  constitute unfair competition pursuant to the common law.

13    148.  ChromaDex's marks are distinctive and were distinctive at the time of all

14  acts alleged herein.  As a result of ChromaDex's substantial investment, the

15  ChromaDex marks have developed extensive goodwill in the market.  Accordingly,

16  the ChromaDex marks are extremely valuable to ChromaDex.

17    149.  Biotivia is not affiliated with or sponsored by ChromaDex and has not

18  been authorized by ChromaDex to use any mark that is identical to the ChromaDex

19  marks.

20    150.  Biotivia's activities complained of herein constitute willful and

21  intentional tort, in derogation of ChromaDex's rights.  Acts of unfair competition

22  commenced and have continued in spite of the Biotivia's knowledge that the use of

23  the ChromaDex marks were and are in contravention of ChromaDex's rights.

24    151.  ChromaDex's damages from the aforesaid unlawful actions of Biotivia, to

25  the extent ascertainable, have not yet been determined.

26    152.  ChromaDex seeks attorney's fees and costs given the willful conduct of

27  the Biotivia.

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    153.  Biotivia's actions were committed intentionally, maliciously, willfully

2    and, wantonly.  ChromaDex is entitled to an award of punitive damages.

3                        **SIXTH CLAIM FOR RELIEF**

4                            **Unjust Enrichment**

5        154.  ChromaDex realleges and incorporates by this reference each and every

6    allegation set forth in paragraphs 1 through 153 above.

7        155.  The acts of Biotivia complained of herein constitute unjust enrichment at

8    ChromaDex's expense in violation of the common law of California.

9        156.  ChromaDex has suffered and is continuing to suffer irreparable injury for

10   which there is no adequate remedy at law.

11       157.  ChromaDex has been damaged in an amount to be proven at trial.

12                        **PRAYER FOR RELIEF**

13       WHEREFORE, ChromaDex respectfully requests that the Court enter judgment

14   against Biotivia as follows:

15       1.    That the Court issue temporary and permanent injunctive relief against

16   Biotivia and that Biotivia, its officers, agents, representatives, servants; employees,

17   attorneys, successors and assignees, and all others in active concert or participation

18   with Biotivia, be enjoined and restrained from:

19           a)    using ChromaDex's trade names, trademarks, or copyrights in

20   connection with the description, marketing, promotion, advertising, or sale of any of

21   Biotivia's products;

22           b)    infringing ChromaDex's trademarks and service marks

23           c)    infringing ChromaDex's copyrights;

24           d)    engaging in any acts or activities directly or indirectly calculated to

25   infringe ChromaDex's CHROMADEX®, PTEROPURE®, BLUSCIENCE, and THE

26   NEXT GENERATION RESVERATROL marks.

27           e)    otherwise competing unfairly with ChromaDex in any manner

28   whatsoever;

26

2.      That the Court award ChromaDex actual damages, liquidated damages, statutory damages and punitive damages, in amount to be proven at trial;

3.      That the Court Order Biotivia to account for an pay over to ChromaDex all profits received by Biotivia from the unlawful acts, and for the unjust enrichment;

4.      That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Biotivia so as to prevent fraud on the Court and so as to ensure the capacity of Biotivias to pay, and the prompt payment of, any judgment entered against Biotivia in this action;

5.      That the Court award ChromaDex its compensatory, incidental, and consequential damages;

6.      That the Court award ChromaDex treble damages in an amount to be proven at trial;

7.      That the Court award ChromaDex its attorneys' fees and costs incurred herein, including prejudgment and post judgment interest; and

8.      That the Court grant ChromaDex all other relief to which it' is entitled and such other or additional relief as is just and proper under these circumstances.


DATED:  August 24, 2011                    COZEN O'CONNOR

                                           By: _____
                                           ERIK L. JACKSON
                                           KYLE VOS STRACHE
                                           Attorneys for Plaintiff,
                                           CHROMADEX INC.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## **DEMAND FOR JURY TRIAL**

ChromaDex demands a trial by jury on all triable issues of fact.

DATED:  August 24, 2011

COZEN O'CONNOR

By: _____
ERIK L. JACKSON
KYLE VOS STRACHE
Attorneys for Plaintiff,
CHROMADEX INC.

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A

# United States of America

### United States Patent and Trademark Office

# pTeroPure

**Reg. No. 3,932,510**
**Registered Mar. 15, 2011**

**Int. Cl.: 1**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHROMADEX INC. (CALIFORNIA CORPORATION)
10005 MUIRLANDS SUITE G
IRVINE, CA 92618

FOR: PHYTOCHEMICALS FOR USE IN THE MANUFACTURING OF DIETARY SUPPLE-
MENTS AND NUTRITIONAL PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 3-11-2010; IN COMMERCE 3-11-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-939,875, FILED 2-19-2010.

MARY BOAGNI, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT B

# United States of America

## United States Patent and Trademark Office

## CHROMADEX

**Reg. No. 3,999,086**

**Registered July 19, 2011**

**Int. Cls.: 1 and 42**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

CHROMADEX INC. (CALIFORNIA CORPORATION)
10005 MUIRLANDS SUITE G
IRVINE, CA 92618

FOR: CHEMICAL REAGENTS FOR NON-MEDICAL PURPOSES; CHEMICAL TEST KITS FOR ANALYTICAL MEASUREMENT OF RAW MATERIAL IDENTITY, POTENCY AND FORMULATION CONSISTENCY FOR LABORATORY OR RESEARCH USE; CHEMICALS FOR USE IN INDUSTRY AND SCIENCE; CHEMICALS FOR USE IN THE BIOCHEMICAL AND CHEMICAL INDUSTRY; ASSAYS FOR RESEARCH PURPOSES, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 10-0-1999; IN COMMERCE 10-0-1999.

FOR: CHEMICAL, BIOCHEMICAL, BIOLOGICAL AND BACTERIOLOGICAL RESEARCH AND ANALYSIS; CONSULTING IN THE FIELD OF PRODUCT DEVELOPMENT IN THE FIELD OF CHEMICALS; DEVELOPMENT AND ESTABLISHMENT OF TESTING SPECIFIC- ATIONS AND PROCEDURES IN THE FIELD OF CHEMICALS; DEVELOPMENT AND TEST OF CHEMICAL PRODUCTION METHODS; DEVELOPMENT OF VOLUNTARY STANDARDS FOR CHEMICALS; EXECUTING OF CHEMICAL ANALYSES; INDUSTRIAL RESEARCH IN THE FIELD OF CHEMICALS; PHARMACEUTICAL RESEARCH AND DEVELOPMENT; PRODUCT RESEARCH AND DEVELOPMENT; RESEARCH AND DEVELOPMENT AND CONSULTATION RELATED THERETO IN THE FIELD OF CHEMICALS; TESTING OF RAW MATERIALS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-0-2000; IN COMMERCE 6-0-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR- TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-939,870, FILED 2-19-2010.

MARY BOAGNI, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

EXHIBIT C

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**TXu 1-746-330**

**Effective date of registration:**

February 14, 2011

---

## Title

**Title of Work:** pTeroPure Brochure

## Completion/Publication

**Year of Completion:** 2010

## Author

- **Author:** ChromaDex, Inc., dba pTeroPure
  **Author Created:** text, compilation

  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** ChromaDex, Inc., dba pTeroPure

10005 Muirlands Boulevard, Suite G, Irvine, CA, 92618, United States

## Limitation of copyright claim

**Material excluded from this claim:** text, artwork

**New material included in claim:** text, compilation

## Rights and Permissions

**Organization Name:** ChromaDex, Inc.

**Telephone:** 949-419-0288

**Address:** 10005 Muirlands Boulevard

Suite G

Irvine, CA 92618 United States

## Certification

**Name:** Durrell Washington

**Date:** January 21, 2011

EXHIBIT D

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

# TXu 1-745-172

**Effective date of registration:**

January 14, 2011

---

## Title

**Title of Work:** pTeroPure Pterostilbene: The Next Generation Resveratrol

(Complete Presentation)

## Completion/Publication

**Year of Completion:** 2010

## Author

■       **Author:** ChromaDex, Inc., dba  pTeroPure

**Author Created:** text, compilation

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** ChromaDex, Inc., dba  pTeroPure

10005 Muirlands Boulevard, Suite G, Irvine, CA, 92618, United States

## Limitation of copyright claim

**Material excluded from this claim:** text, artwork

**New material included in claim:** 2-dimensional artwork, compilation, text

## Rights and Permissions

**Organization Name:** ChromaDex, Inc.

**Telephone:** 949-419-0288

**Address:** 10005 Muirlands Boulevard

Suite G

Irvine, CA 92618  United States

## Certification

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1273 CJC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
CENTRAL                              District of  CALIFORNIA

| | |
|---|---|
| CHROMADEX, INC., a California corporation | ) |
| _____ | ) |
| *Plaintiff* | )   ⊃AＣＶ11-01273 CJC(MLGx) |
| v. | ) |
| BIOTIVIA BIOCEUTICALS, LLC, a Delaware | )   Civil Action No. |
| Limited LIABILITY compANy | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
BIOTIVIA BIOCEUTICALS, LLC, a Delaware corporation

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Erik L. Jackson, Esq.
COZEN O'CONNOR
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG 2 4 2011

Date: _____

CLERK OF COURT

JULIE PRADO

SEAL

*Signature of Clerk or Deputy Clerk*

AO-440

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                    _____
                                                        *Printed name and title*

                                                    _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| CHROMADEX, INC., a California corporation | BIOTIVIA BIOCEUTICALS, LLC, a Delaware corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Erik L. Jackson, State Bar No. 166010<br>ejackson@cozen.com<br>COZEN O'CONNOR<br>601 South Figueroa Street, Suite 3700<br>Los Angeles, CA  90017<br>Telephone:  213.892.7900 | |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ✓ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** More than the jurisdictional minimum.

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

Title 15 U.S.C. § 1051(Trademark Infringement); Copyright Act, 17 U.S.C. § 101 (Copyright Infringement)

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | ☒ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number:  SACV11-01273

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|
| | | CCD-JS44 |

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| New York, New York | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _ERIK L. JACKSON_   Date _August 24, 2011_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |